UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------X
TOREY MOWATT,

                    Plaintiff,

                                        <u>MEMORANDUM & ORDER</u>
          -against-                     20-CV-3889(JS)(AKT)

NASSAU COUNTY CORRECTIONAL CENTER,

                    Defendant.
-----------------------------------X
TOREY MOWATT,

                    Plaintiff,

          -against-                     20-CV-3890(JS)(AKT)

NASSAU COUNTY CORRECTIONAL CENTER,

                    Defendant.
-----------------------------------X
TOREY MOWATT,

                    Plaintiff,

          -against-                     20-CV-3891(JS)(AKT)

NASSAU COUNTY CORRECTIONAL CENTER,

                    Defendant.
-----------------------------------X
APPEARANCES

For Plaintiff:      Torey Mowatt, <u>pro se</u>
                    679138
                    Suffolk County Correctional Facility
                    110 Center Drive
                    Riverhead, New York 119011

---

[1] Although Plaintiff filed these Complaints while he was
incarcerated at the Nassau County Correctional Center, he has
since been transferred to the Suffolk County Correctional
Facility.  (<u>See</u> Notice of Change of Address filed only in 20-CV-

For Defendant:        No appearances.

SEYBERT, District Judge:

Pending before the Court are three in forma pauperis civil rights Complaints filed by incarcerated pro se plaintiff Torey Mowatt ("Plaintiff").  Because the Complaints purport to allege claims of failure-to-protect against the Nassau County Correctional Center ("Defendant" or "the Jail") arising from alleged gang assaults that occurred during Plaintiff's incarceration at that facility, the Complaints are CONSOLIDATED pursuant Federal Rule of Civil Procedure 42.  For the reasons outlined in this Order, Plaintiff's applications to proceed in forma pauperis are GRANTED.  However, Plaintiff's claims are DISMISSSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  Plaintiff is GRANTED LEAVE TO FILE ONE, CONSOLIDATED AMENDED COMPLAINT.

BACKGROUND

Plaintiff filed three separate Complaints, all dated August 7, 2020, arising out of three separate incidents that allegedly occurred while he was housed at the Jail.  As described

_____

3890, D.E. 9.)  The Clerk of the Court shall update Plaintiff's address in each case as a one-time courtesy.  Plaintiff is reminded that, should his address change, he is required to update his address with the Court.

in more detail, below:

The <u>first incident</u> alleged occurred on May 23, 2020, and Plaintiff's Complaint related to that incident was filed with the Court on August 21, 2020 under Case Number 20-CV-3890; it was the second of the three actions Plaintiff commenced (hereafter, "Mowatt II");

The <u>second incident</u> allegedly occurred on May 28, 2020, and Plaintiff's Complaint related to that incident was filed with the Court on August 20, 2020 under Case Number 20-CV-3889; it was the first case filed with the Court (hereafter, "Mowatt I"); and

The <u>third incident</u> allegedly occurred on July 2 or 3, 2020, and Plaintiff's Complaint related to that incident and which commenced Plaintiff's third action was filed with the Court on August 20, 2020 under Case Number 20-cv-3891 (hereafter, "Mowatt III").

I.   <u>Mowatt II</u>

In Mowatt II, Plaintiff filed an <u>in forma pauperis</u> Complaint against the Defendant alleging a failure-to-protect claim arising from an alleged assault by MS-13 gang members on May 23, 2020 at approximately 9:50 a.m. in housing area B-4-A-9. (<u>See</u> Mowatt II, Compl., D.E., p.1.) [2]  According to the Complaint,

---

[2] The Court will use the page numbers assigned by the Court's Electronic Case Filing System ("ECF") when referring to the

Plaintiff had been living in that housing area since March 2020 without incident.  (Id. at p.7.)  After "[t]he corrections officers had open[ed] everyone's gate to have rec[reation time]", Plaintiff went to the television area and asked the two other inmates there if he could change the channel.  (Id.)  According to the Complaint, these inmates, who were MS-13 members, told him he could not.  (Id.)  A third MS-13 member joined the group, and Plaintiff again asked to change the channel.  (Id.)  After they denied Plaintiff's request, Plaintiff alleges that he left the television area but was thereafter confronted by four MS-13 members.  (Id. at pp.7-8.)  Plaintiff alleges that he was punched in the head from behind and then the gang members punched, kicked, and stabbed him and there was "no staff around for my saf[e]ty." (Id.)  Plaintiff describes that the assault lasted for approximately four minutes and then staff "saw what was going on" and ordered the gang members to "lock-in."  (Id. at pp.8-9.)

Plaintiff claims he was "hurt badly" and that his right bicep, chest, left eye, and left ear were stabbed and bleeding. (Id. at p.9.)  Plaintiff was taken to the medical unit where he received nineteen stitches.  (Id.)  Plaintiff seeks to recover a damages award in the sum of $20 million.  (Id. at p.5, ¶ III.)

---

Complaints.

II.  Mowatt I

        Plaintiff filed another in forma pauperis Complaint against the Defendant alleging that he was assaulted by gang members on May 28, 2020.  (See Mowatt I, Compl., D.E. 1.) According to the Complaint, Plaintiff was recovering from a previous assault, i.e., the May 23rd assault, by MS-13 members and therefore was not "going to attend Rec-yard because [ ] I was as[s]aulted a week ago and I wanted to heal."  (Id. at p.6.) Plaintiff claims that "the staff wasn't suppose[d] to open my gate due to my injuries and I was a lock-in."  (Id.)  At approximately 8:30 a.m., Plaintiff "went back to sleep" and alleges that he "suddenly felt punches, feet on top of me" and realized he was again being assaulted by three MS-13 gang members.  (Id. at p.6.) According to the Complaint, "maybe three to eight minutes later, the officer told everyone to lock-in, go to your cells."  (Id. at p.7.)  Plaintiff suffered injuries to his eyes, ribs, head, chest, and stomach and was taken "to medical to get cleaned up" where he stayed for four days before being moved into protective custody. (Id. at pp. 4, 6-7.)  Plaintiff seeks to recover a damages award in the sum of $30 million.  (Id. at p.5, ¶ III.)

III. <u>Mowatt III</u>

Plaintiff filed a third <u>in</u> <u>forma</u> <u>pauperis</u> Complaint, which like his other two Complaints, raises claims that the Defendant failed to protect him from a gang assault. (<u>See</u> Mowatt III, Compl., D.E. 1.)  More specifically, Plaintiff alleges that, on July 2 or 3, 2020[3] at approximately 9:55 a.m. on E-2-A-16, he returned to his cell and discovered that "all my commissary is gone, from candy sweet to cosmetic to t-shirt to boxer everything." (<u>Id.</u> at p. 6.)  Plaintiff describes that there were "six Crips by my cell" and that he asked them if they took his belongings.  (<u>Id.</u>) Plaintiff then said "we have to fight because y'all stole my things."  (<u>Id.</u>)  Plaintiff was then jumped by three inmates in his cell who punched and kicked him after he fell to the floor.  (<u>Id.</u> at p. 7.)  Plaintiff describes that the assault lasted for about two minutes and then the inmates were ordered to lock in.  (<u>Id.</u>) At that time, "staff walk[ed] around" and saw that Plaintiff's left eye was injured and brought Plaintiff to the hospital.  (<u>Id.</u>) Plaintiff stayed at the medical unit until July 8, 2020 at which time he was transferred to the Suffolk County Correctional

_____

[3] Plaintiff is inconsistent as to the date of the alleged assault.  He initially alleged that the assault occurred on July 3, 2020 (<u>see</u> Mowatt III, Compl., p.3, ¶ II), but later that it occurred on July 2, 2020 (<u>compare</u> Mowatt III, Compl., p.6).

Facility.  (Id.)  Plaintiff claims to have suffered injuries to both eyes, his back, and describes that his "right lower tooth crack[ed] in ha[l]f[ ]" for which he seeks to recover a damages award in the sum of $20 million.  (Id. at pp. 4-5, ¶¶ II.A, III.)

## DISCUSSION

### I.   In Forma Pauperis Applications

Upon review of Plaintiff's declarations in support of his applications to proceed in forma pauperis, the Court finds that Plaintiff is qualified to commence these actions without prepayment of the filing fees.  See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's requests to proceed in forma pauperis are GRANTED.

### II.  Consolidation

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay."  FED. R. CIV. P. 42(a).  "The trial court has broad discretion to determine whether consolidation is appropriate."  Johnson v. Celotex Corp., 899 F.2d 1281, 1284-85 (2d Cir. 1990).  Consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," Johnson, 899 F.2d at 1284, and to

"expedite trial and eliminate unnecessary repetition and confusion," Devlin v. Transp. Commc'n Int'l Union, 175 F.3d 121, 130 (2d Cir. 1999) (internal quotation marks and citation omitted).

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." Kellen Co. v. Calphalon Corp., 54 F. Supp. 2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); accord Adam v. Jacobs, 950 F.2d 89, 92 (2d Cir. 1991); First City Nat'l Bank & Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. See Jacobs, 950 F.2d at 92; First City Nat'l Bank & Trust Co., 878 F.2d at 80; Kellen, 54 F. Supp. 2d at 221.

Here, Plaintiff's Complaints are against the same Defendant, and are largely repetitive, albeit the events are alleged to have occurred on different dates. Certainly, Plaintiff's claims involve common issues of law and fact. Accordingly, in the sound exercise of its discretion and in consideration of the chronological order of events underlying the

Complaints, [4] the Court orders that Plaintiff's cases be CONSOLIDATED pursuant to Federal Rule of Civil Procedure 42 into the **second** filed case, Mowatt II, Case Number 20-CV-3890(JS)(AKT). The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the cases assigned Case Numbers 20-CV-3889, and 20-CV-3891 CLOSED.   Any future filings are to be docketed in Case Number 20-CV-3890(JS)(AKT) only.

III. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.   See 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii), 1915A(b).   The Court is required to dismiss the action as soon as it makes such a determination.   28 U.S.C. § 1915A.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally.   See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).   However, a complaint must plead

---

4 The Plaintiff filed his Notice of Change of Address in Mowatt II only, which the Court construes as indicating Plaintiff's belief that this is his lead case.   See supra note 1.

9

sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678; accord Wilson v. Merrill Lynch & Co., 671 F.3d 120, 128 (2d Cir. 2011). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

A.   Section 1983 Claims Against the Jail

As a threshold matter, Plaintiff has named the Jail as the sole Defendant. However, Plaintiff's claims against the Jail are implausible because it is an administrative arm of Nassau County and thus lacks the capacity to be sued as a separate entity. See, e.g., Clements v. Nassau Cty. Corr. Ctr., 10-CV-0422, 2010 WL 1779985, * 3 (E.D.N.Y. Apr. 30, 2010). Given Plaintiff's pro se status and affording his Complaints a liberal construction, the

10

Court has considered whether Plaintiff has alleged a plausible Section 1983 claim against the municipality, Nassau County, and finds that he has not for the reasons that follow.

It is well-established that a municipality such as Nassau County cannot be held liable under § 1983 on a respondeat superior theory.  See Monell v. Dep't of Soc. Servs. of N.Y. City, 436 U.S. 658, 691, 98 S. Ct. 2018, 2036, 56 L. Ed. 2d 611 (1978); Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008).  To prevail on a Section 1983 claim against a municipality, a plaintiff must show "that 'action pursuant to official municipal policy' caused the alleged constitutional injury."  Cash v. Cty. of Erie, 654 F.3d 324, 333 (2d Cir. 2011) (quoting Connick v. Thompson, 563 U.S. 51, 60, 131 S. Ct. 1350, 1359, 179 L. Ed. 2d 417 (2011)); see also Monell, 436 U.S. at 690-91. "[L]ocal governments . . . may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels."  Monell, 436 U.S. at 690-91 (internal citation omitted).

To establish the existence of a municipal policy or custom, the plaintiff must allege: (1) the existence of a formal policy which is officially endorsed by the municipality, see

11

Connick, 563 U.S. at 60-61; (2) actions taken or decisions made by municipal policymaking officials, i.e., officials with final decisionmaking authority, which caused the alleged violation of the plaintiff's civil rights, see Amnesty Am. v. Town of W. Hartford, 361 F.3d 113, 126 (2d Cir. 2004); Jeffes v. Barnes, 208 F.3d 49, 57 (2d Cir. 2000); (3) a practice "so persistent and widespread as to practically have the force of law," Connick, 563 U. S. at 61; see also Green v. City of N.Y., 465 F.3d 65, 80 (2d Cir. 2006), or that "was so manifest as to imply the constructive acquiescence of senior policy-making officials," Patterson v. Cty. of Oneida, N.Y., 375 F.3d 206, 226 (2d Cir. 2004) (internal quotation marks and citations omitted); or (4) that "a policymaking official exhibit[ed] deliberate indifference to constitutional deprivations caused by subordinates." Cash, 654 F.3d at 334 (internal quotation marks and citations omitted); see also Okin v. Vill. of Cornwall-on-Hudson Police Dep't, 577 F.3d 415, 439 (2d Cir. 2009) (A municipal custom may be found when "'faced with a pattern of misconduct, [the municipality] does nothing, compelling the conclusion that [it] has acquiesced in or tacitly authorized its subordinates' unlawful actions.'") (quoting Reynolds v. Giuliani, 506 F.3d 183, 192 (2d Cir. 2007) (second alteration in original)).

Here, even affording the pro se Complaints a liberal construction, there are no factual allegations from which the Court could reasonably construe a plausible Section 1983 cause of action against Nassau County.

IV.  <u>Leave to Amend</u>

Given the Second Circuit's guidance that a pro se complaint should not be dismissed without leave to amend unless amendment would be futile, <u>Cuoco v. Moritsugu</u>, 222 F.3d 99, 112 (2d Cir. 2000), the Court has carefully considered whether leave to amend is warranted here.  Because the defect in Plaintiff's claims against the Jail is substantive and would not be cured if afforded an opportunity to amend, leave to amend the Complaint against this Defendant is DENIED.  However, in an abundance of caution, Plaintiff is GRANTED leave to file a single, consolidated Amended Complaint in order to allege any valid claims he may have against the County of Nassau, any individual Nassau County corrections officers, and/or any other proper defendant.  If Plaintiff does not know the names of the individuals he seeks to hold liable, he may name them as "John Doe" or "Jane Doe" in the Amended Complaint and include sufficient factual information concerning these individual(s) so that their identities may be determined.

13

Further, Plaintiff is advised that a deliberate indifference claim based upon a defendant's failure to protect must include allegations that: (1) the plaintiff "is incarcerated under conditions posing a substantial risk of serious harm, and (2) that the prison official had a sufficiently culpable state of mind." Morgan v. Dzurenda, 956 F.3d 84, 89 (2d Cir. 2020) (internal quotation marks and citation omitted). Although prison officials have an obligation to protect inmates from "substantial risk of serious harm . . . [not] every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability." Avincola v. Maldonado, No. 04-CV-3529, 2005 WL 3116760, at *1 (2d Cir. Nov. 22, 2005) (internal quotation marks and citation omitted). "[A] failure to protect claim encompasses an objective and a subjective prong." Sutton v. Rodriguez, No. 18-CV-01042, 2020 WL 5504312, at *7 (S.D.N.Y. Sept. 8, 2020). "A substantial risk of harm may be demonstrated by allegations that prison officials knew there was a previous altercation between a plaintiff and his attacker or that a plaintiff has identified his attacker as a known enemy and requested to be kept separate." Sutton, 2020 WL 5504312, at *7 (citing Dublin v. New York City Law Dep't, No. 10-CV-2971, 2012 WL 4471306, at *5 (S.D.N.Y. Sept. 26, 2012)). The subjective prong

14

requires that a plaintiff demonstrate that the defendant "has knowledge that an inmate faces a substantial risk of serious harm and [the defendant] disregard[ed] that risk by failing to take reasonable measures to abate the harm." Parris v. New York State Dep't Corr. Servs., 947 F. Supp. 2d 354, 363 (S.D.N.Y. 2013) (quoting Hayes v. N.Y.C. Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996)).

Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear only the Case Number of the Consolidated Action, 20-CV-3890(JS)(AKT), and shall be filed within thirty (30) days from the date of this Order. **Plaintiff is cautioned that an Amended Complaint completely replaces the three original Complaints he filed.** Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint, should he elect to file an Amended Complaint.

CONCLUSION

For the reasons set forth above, Plaintiff's applications to proceed in forma pauperis are GRANTED, and the Complaints are CONSOLIDATED under Case Number 20-CV-3890(JS)(AKT). The Clerk of Court is DIRECTED to: (1) consolidate these actions; and (2) mark the cases assigned Case Numbers 20-CV-3889 and 20-

CV-3891 CLOSED.  Any future filings are to be docketed in Case Number 20-CV-3890(JS)(AKT) only.

Plaintiff's claims against the Jail are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b).  Plaintiff is GRANTED LEAVE TO FILE A SINGLE, CONSOLIDATED AMENDED COMPLAINT in accordance with this Order against the County of Nassau and/or any other proper defendant.  Any Amended Complaint shall be clearly labeled "Amended Complaint", shall bear only the lead Case Number of this Consolidated Action, i.e., Case Number 20-CV-3890(JS)(AKT), and shall be filed within thirty (30) days from the date of this Order.  Plaintiff is cautioned that an Amended Complaint completely replaces his three original Complaints.  Therefore, Plaintiff must include any and all claims against any Defendant(s) he seeks to pursue in the Amended Complaint, should he elect to file an Amended Complaint.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is DENIED for the purpose of any appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of the Court is directed to mail a copy of this Order to the pro se Plaintiff at the Suffolk County

16

Correctional Facility and to update his address in Case Numbers 20-CV-3889 and 20-CV-3891.

                              **SO ORDERED.**

                              /s/ *Joanna Seybert*
                              JOANNA SEYBERT, U.S.D.J.

Dated:      November 19, 2020
            Central Islip, New York

17